[979 NYS2d 918]

In the Matter of Ralph A. Horton, an Attorney, Respondent. Grievance Committee of the Seventh Judicial District, Petitioner.

Fourth Department, February 7, 2014

APPEARANCES OF COUNSEL

*Daniel A. Drake, Principal Counsel, Seventh Judicial District Grievance Committee,* Rochester, for petitioner.

*Daniel L. Aureli,* Rochester, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on June 23, 1965, and maintains an office in Rochester. The Grievance Committee filed a petition alleging three charges of misconduct against respondent, including failing to act with diligence in a client matter and failing to cooperate with the Grievance Committee. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. During the proceeding before the Referee, the parties entered into a stipulation eliminating the need for a hearing with respect to the charges of misconduct, and respondent testified solely with respect to matters in mitigation. The Referee has filed a report setting forth certain factual findings and an advisory finding that respondent violated all of the disciplinary rules cited in the petition. The Grievance Committee moves to confirm the Referee's report, and respondent cross-moves to disaffirm the report in part and to remit this matter to the Grievance Committee. Respondent appeared before this Court on the return date of the motions, and he was heard in mitigation at that time.

With respect to charge one, the Referee found that, in January 2008, respondent agreed to represent a client in an action for divorce and, although respondent's retainer agreement provided that he would issue to the client billing statements at 60-day intervals, respondent failed to issue any billing statements in the matter. The Referee further found that, in late 2009, respondent agreed to prepare a qualified domestic relations order (QDRO) for the client without executing a written retainer agreement for that separate representation. The Referee found that respondent thereafter intermittently worked on the QDRO, but he did not complete the matter until March 2013 and he did not issue any billing statements to his client for that matter. The Referee additionally found that, in August 2012, respondent failed to appear for a formal interview before the Grievance Committee and, in September 2012, respondent failed to comply with a subpoena issued by this Court. The Referee found that respondent subsequently retained counsel and

appeared in response to the subpoena. The Referee found, however, that respondent's hearing testimony, wherein respondent stated that he initially failed to comply with the subpoena because he had "mis-calendared" its return date, was not credible.

With respect to charge two, the Referee found that, from March through May 2012, respondent failed to respond to two letters from the Grievance Committee regarding respondent's handling of a medical malpractice action. The Referee found that, during a subsequent formal interview with counsel to the Grievance Committee, respondent stated that he had been in regular contact with his clients and had explained to them all of the material issues concerning their matter orally, rather than in writing. The Referee further found that, three days after the formal interview, respondent sent a letter to his clients addressing the relevant issues. The Referee made an advisory finding that respondent's initial failure to advise his clients in writing regarding such issues was "inadequate, not reasonable and not prudent."

With respect to charge three, the Referee made an advisory finding that respondent's conduct at issue in this matter together with his disciplinary history, which includes a letter of admonition and five letters of caution, constitutes a course of conduct in violation of all of the disciplinary rules cited in the petition.

We confirm the factual findings of the Referee and conclude that respondent has violated the following Rules of Professional Conduct:

rule 1.3 (a) (22 NYCRR 1200.0)—failing to act with reasonable diligence and promptness in representing a client;

rule 8.4 (d) (22 NYCRR 1200.0)—engaging in conduct that is prejudicial to the administration of justice; and

rule 8.4 (h) (22 NYCRR 1200.0)—engaging in conduct that adversely reflects on his fitness as a lawyer.

We further conclude that respondent has violated 22 NYCRR part 1400 by failing to provide a client in a domestic relations matter with a written retainer agreement and itemized billing statements at regular intervals.

Although the Referee made an advisory finding that respondent violated certain additional disciplinary rules, we decline to conclude that respondent committed those additional violations inasmuch as they are either not supported by the record or

have been rendered superfluous by virtue of our determinations set forth herein. We further decline to sustain charge three in its entirety because, as this Court has previously held, allegations that a respondent has engaged in a course of conduct similar to conduct for which he has already been disciplined "are more appropriately considered as a potential aggravating factor . . . rather than as a separate charge of misconduct" (*Matter of Ohl*, 107 AD3d 106, 110 [2013]).

We additionally deny respondent's cross motion to disaffirm the report in part. The challenged findings of the Referee are either legal conclusions that are merely advisory in nature, or constitute credibility determinations that are supported by the record.

In determining an appropriate sanction, we have considered in mitigation of the charges that respondent's misconduct did not involve venal intent or self-interest, that he has a substantial history of community service, and that he suffered from certain health issues during the relevant time period. We have considered in aggravation of the charges, however, respondent's aforementioned disciplinary history that, at least in part, concerns conduct similar to the conduct at issue herein. We have further considered the Referee's finding that, although respondent's health issues may explain his lack of diligence and failure to respond to the Grievance Committee during a certain time period, respondent failed to establish a nexus between his health issues and most of the misconduct set forth above. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

SMITH, J.P., FAHEY, CARNI, SCONIERS and VALENTINO, JJ., concur.

Order of censure entered.